UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    KYLE WARREN,                                          Case No. 15-32843-dof
        Debtor.                                       Chapter 7 Proceeding
                                                         Hon. Daniel S. Opperman
_____/
GUILLERMO ZULOAGA SISO,
        Plaintiff,

v.                                                          Adversary Proceeding
                                                         Case No. 16-3057-dof

KYLE WARREN,
        Defendant.
_____/

## OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

The Plaintiff, Guillermo Zuloaga Siso, requests this Court to determine the debt that the Defendant, Kyle Warren, owes him is excepted from discharge. Mr. Siso prepared a Complaint objecting to the dischargeability of this debt, signed it on April 26, 2016, and had the Complaint filed with the Court on April 27, 2016. The deadline to file such a Complaint, however, was April 22, 2016, so Mr. Warren filed a Motion to Dismiss the Complaint. In response, Mr. Siso urges this Court to find that Mr. Siso's action may continue. For the reasons stated in this Opinion, the Court declines to do so and grants Mr. Warren's Motion to Dismiss.

Procedural History

Mr. Warren originally filed a petition seeking Chapter 13 relief with this Court on November 30, 2015. The deadline to oppose the dischargeability of debts was set as February 22, 2016. Subsequently, Mr. Warren converted his case to Chapter 7 and the Court issued a new notice to creditors reporting the conversion and informing creditors of the new date of April 22, 2016, to

1

oppose the dischargeability of debts. Thereafter, on February 9, 2016, the Court ordered Mr. Warren to appear on February 17, 2016, and show cause why the case should not be dismissed because he did not pay the filing fee. Mr. Warren paid the filing fee on February 16, 2016, the Order to Show Cause was dissolved, and the hearing was cancelled. The first meeting of creditors was held on February 22, 2016, the Debtor completed his educational classes needed to obtain his discharge, and received his discharge on April 25, 2016. Two days later, on April 27, 2016, Mr. Siso filed his Complaint with this Court.

Mr. Warren filed his Motion to Dismiss claiming that the Complaint was filed late. In response, Mr. Siso requests this Court toll the deadline. Since this response is based on contested facts, the Court opened discovery and received affidavits from Mr. Siso and pleadings from all of the parties. After careful review of these sources, as well as consideration of the arguments, the Court makes the following findings of fact.

Findings of Fact

A. Pre-Bankruptcy Events

As alleged in the Complaint, Mr. Siso paid $50,000 as a deposit on an invoice given to his interior decorator by Carpet Creations, a company owned and operated by Mr. Warren. The invoice was for goods and services to be provided by Carpet Creations. These goods and services were not provided to Mr. Siso, who instead received excuses, including an allegation that a court appointed receiver was overseeing Mr. Warren's assets. In turn, Mr. Siso filed a complaint in the Florida state court alleging Mr. Warren committed civil theft of funds Mr. Siso paid Carpet Creations. No answer was filed to Mr. Siso's complaint, so the Florida state court entered a Final Default Judgment against Mr. Warren for $150,000 on the claim for civil theft.

B. Post-Bankruptcy Events

Per his affidavit, Mr. Siso received notice of the Debtor's Chapter 13 petition and the conversion of the proceedings to Chapter 7. He also received notice of the April 22, 2016, deadline to file a Complaint to oppose the dischargeability of debt. His affidavit also states that he was aware of the February 9, 2016, Order to Show Cause and the February 17, 2016, hearing, but does not address the February 16, 2016, payment of the filing fee and subsequent dissolving of the Order to Show Cause.

Mr. Siso's affidavit also details his extensive travel and personal schedule. As gleaned from his affidavit, Mr. Siso had the following itinerary from February through April, 2016:

| | |
|---|---|
| February 3-8, 2016 | Vail, Colorado for vacation |
| February 19-20, 2016 | Dominican Republic for vacation |
| February 21-23, 2016 | New York City for vacation and work |
| February, 2016 | Los Angeles, California for work |
| March 23-25, 2016 | New York City to visit and attend to sick mother |
| March 31-April 2, 2016 | Playa del Carmen for vacation |
| April 7-11, 2016 | Punta Cana, Dominican Republic for convention |
| April 11-18, 2016 | Los Angeles, California for business meeting with Direct TV |
| April 19, 2016 | San Jose, Costa Rica for vacation |
| April 24-May 7, 2016 | Buenos Aires, Argentina |

Apparently, while in Argentina, Mr. Siso was able to draft, sign, and send by mail the Complaint.

Jurisdiction

This Court has jurisdiction over this matter per 28 U.S.C. §157, 28 U.S.C. §1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts). All issues before this Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction.

Applicable Law

3

Standard for Dismissal under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b), applicable in this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012, states:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> . . .
>
> (6) failure to state a claim upon which relief can be granted;
>
> . . .
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) operates to test the sufficiency of the complaint. The Court is required to construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998).

"Cause"

An extension of time to file a complaint objecting to a discharge or dischargeability of debt may be granted under Rules 4004(b) and 4007(c) "for cause." "'Cause' is not defined and the determination is committed to the Court's discretion. . . . Many courts now require the creditor to establish at least a reasonable degree of due diligence to be accorded the requested extension." *In re Stonham*, 317 B.R. 544, 547 (Bankr. D. Colo. 2004) (citations omitted). "Cause" is determined on a case-by-case basis, and must be demonstrated by more than "a scintilla of evidence." *Id.*

> Some of the [ ] factors [courts have considered] include: (1) whether the debtor refused in bad faith to cooperate with the creditor; (2) whether the creditor had

4

16-03057-dof    Doc 30    Filed 12/22/16    Entered 12/22/16 14:39:32    Page 4 of 8

sufficient notice of the deadline and the information to file an objection; (3) the possibility that the proceedings pending in another forum will result in collateral estoppel on the relevant issues; (4) whether the creditor exercised diligence; and (5) the complexity of the case.

*Id.* at 547 n.1 (citations omitted). Other factors include

(1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.

*Lowell Inst. for Sav. v. Scollin (In re Scollin)*, 30 B.R. 35, 36 (Bankr. D. Mass. 1983) (citation omitted).

"Although the standard for establishing cause might be liberal, it must be some standard else the rule would not have required it." *In re Dekelata*, 149 B.R. 115, 116 (Bankr. E.D. Mich. 1993) (finding no cause where creditors requested an extension too close to the deadline, creditors' counsel knew that debtor's counsel was a sole practitioner with "a busy and geographically extensive [ ] practice, and the Thanksgiving holiday was imminent, and concluding it "should have been apparent to creditors' counsel that there would simply be insufficient time"). In *In re Schultz*, 134 B.R. 604, 606 (Bankr. E.D. Mich. 1991), the Bankruptcy Court balanced the interests of the parties and the bankruptcy system, and granted an extension to creditors who "showed some minimal degree of diligence" and part of the delay was caused by "the failure of the debtor's attorney to respond" to a request for a Rule 2004 examination until a week before the deadline.

"Equitable Tolling"

Under Rules 4004(b) and 4007(c), an extension in time to file a complaint "shall be filed before the time has expired." The Sixth Circuit found that Rule 4007(c) is not jurisdictional, but instead "is a statute of limitation – or simply a deadline – that is generally subject to the defenses of waiver, estoppel, and equitable tolling." *Nardi v. Maughan (In re Maughan)*, 340 F.3d 337, 344

(6th Cir. 2003) (citing *United States v. Locke*, 471 U.S. 84, 94 n.10 (1985)). The Court followed "the line of cases that has allowed an extension of the time period when the creditor was affirmatively misled by the bankruptcy court as to the filing deadline. Since equitable considerations cannot excuse a jurisdictional defect, there is implicit in those cases the concept that [Rule 4004(a) and] 4007(c) merely establish[es] a filing deadline." *Id.* at 343 (internal quotation marks and citation omitted).

> There are five factors that should be considered when deciding to apply the doctrine of equitable tolling: The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Id.* at 344 (internal quotation marks and citation omitted). Because the plaintiff in that case "did not claim lack of notice or knowledge of the filing deadline, [the Court's inquiry focused] on the diligence used by the plaintiff in pursuing its rights and the resulting prejudice, if any, to the defendant." *Id.* (internal quotation marks and citation omitted).

The Court recognizes that the doctrine of equitable tolling is a fact-determinative inquiry normally inappropriate for resolution in the context of a motion to dismiss such as the present Motion. *See Silverman v. H.I.L. Assocs., Ltd. (In re Allou Distrib., Inc.)*, 387 B.R. 365, 398 (Bankr. E.D.N.Y. 2008). However, in this case with regard to this Motion to Dismiss, the Court opened discovery and received affidavits from Mr. Siso. This review is not limited to Mr. Siso's Complaint, as is normally the case with a Rule 12(b)(6) motion, but instead includes a review of facts presented by the parties through discovery, including the affidavits of Mr. Siso.

## Analysis

It is uncontroverted that Mr. Siso did not file his Complaint by the deadline set by Rules 4004 or 4007. To avoid dismissal of his Complaint as untimely, Mr. Siso must find some basis to extend the April 22, 2016, deadline.

A. Cause to Extend Deadline

First, Mr. Siso argues that cause exists to extend the deadline. Applying the standards as articulated by *Stonham, Scollin, Dekelata,* and *Schultz*, the Court does not see any evidence that Mr. Warren refused to cooperate with Mr. Siso. Mr. Siso cannot point to any request he made to either Mr. Warren or the Court prior to the April 22, 2016, deadline that evidences either his interest in claiming the debt owed to him was excepted from discharge, requesting any information from Mr. Warren, or requesting an extension of time to file a Complaint. The record is clear that Mr. Siso was given notice of the Chapter 7 objection to dischargeability deadline. While it is true he may have thought the case could have been dismissed because the filing fee was not paid, that possibility ended when the fee was paid on February 16, 2016, which was at least two months before the April 22, 2016, deadline. Also, the delay in filing the Complaint was caused by Mr. Siso and not any other party. Under *Stonham* and *Scollin*, Mr. Siso's lack of diligence, which the Court finds was a delay within his reasonable control, does not demonstrate the requisite level of due diligence required to find "cause" to extend the Rule 4007 deadline. Focusing on case law analysis from Courts within this District, in *Dekelata,* the court did not find cause where the creditor requested an extension before the deadline. Here, the request was after the deadline. In *Schultz*, the court found cause where the creditor showed some diligence and part of the delay was caused by debtor's attorney's failure to respond to a request one week before the deadline. In this case, Mr. Siso has not demonstrated any degree of diligence and there is no evidence of Debtor or Debtor's attorney failing to respond. Accordingly, the Court does not find sufficient cause to extend the deadline.

B. Equitable Tolling

Although *Locke* and *Maughan* clearly hold that Rules 4004 and 4007 are not jurisdictional, the deadlines should be enforced absent an application of a doctrine such as equitable tolling. In this case, Mr. Siso had actual and constructive notice of the filing requirement by virtue of the notices

he received.  There is no objective evidence that he was diligent in pursuing his rights in that no request was made by him of the Debtor, Debtor's attorney, or the Court, to do anything.  Mr. Siso did not file a pleading with the Court until after the deadline, did not attend the first meeting of creditors, or request a Rule 2004 examination.  While the absence of prejudice to Mr. Warren may exist in that he has not shown an inability to defend himself, he did receive a discharge and had an expectation that he could start his life anew.  Finally, it is not reasonable, under these circumstances, for Mr. Siso to remain ignorant of his need to file a Complaint.  Mr. Warren, unlike defendants in other cases, did nothing to mislead Mr. Siso.  Instead, the record is that Mr. Warren did not know Mr. Siso intended to take any action.  Also, the record is that Mr. Siso knew of the April 22, 2016, deadline, was occasionally busy during the time period of February-April, 2016, and had time available to exercise his rights, but did not do so until it was too late.

## Conclusion

The Court finds that Mr. Siso has not shown cause to extend the deadline imposed by Rules 4004 and 4007.  The Court also finds that Mr. Siso has not met the elements required to impose the doctrine of equitable tolling.  Accordingly, the Defendant's Motion to Dismiss is granted.

Counsel for the Defendant is instructed to prepare and submit an order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on December 22, 2016**

                                          **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**